UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHAYARTO PERKINS #184125,

    Plaintiff,

v.

                                        File No. 2:11-CV-271

E. JACOBSON, et al.,
                                        HON. ROBERT HOLMES BELL

    Defendants.
                                        /

**O P I N I O N**

On May 22, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment (Dkt. No. 50) be granted in part and denied in part. (Dkt. No. 59.)  The Magistrate Judge recommended that the motion be granted as to the claims against Defendants Brendel, Chappell, Cummings, Gajewski, Joyal, Koskinen, Majurin, Perry, and Sweeney, and denied as to (a) the retaliation claims against Defendants Jacobson, Carlson, and Patrikus, (b) the conspiracy and retaliation claims against Defendants Rule, Stevens, Van Wagner, Jacobson, and Tollefson, and (c) the Eighth Amendment claims against Defendants Collins and Kinnunen.  This matter is before the Court on Defendant Collins' objections to the R&R. (Dkt. No. 61.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not

satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Collins' first objection is that the Magistrate Judge erred in concluding that an allegation of a single episode of a sexual touching coupled with an offensive sexual remark raised a genuine issue of material fact as to whether Collins violated Plaintiff's Eighth Amendment rights. According to Collins, this case is factually indistinguishable from the cases cited by the Magistrate Judge which found no Eighth Amendment violations. The Court disagrees. An Eighth Amendment claim predicated on sexual harassment is dependent on whether the harassment caused pain to the plaintiff. *See Freitas v. Ault*, 109 F.3d 1335,1338 (8th Cir. 1997). The sexual touching Plaintiff alleges Collins committed – that Collins "grabbed" Plaintiff's penis (Dkt. No. 1, Compl. at PageID# 9) – is of a sort more likely to cause pain then the sexual touching at issue in the cases cited by the Magistrate Judge. Three of the four cases cited involved sexual touching of the buttocks, a less sensitive area than the penis. *See Jackson v. Madery*, 158 F. App'x 656, 661 (6th Cir. 2005); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998). The last case cited, which did involve sexual touching of the penis, involved "touching" as opposed to the more physical "grabbing" alleged in this case. *See Boddie v. Schnieder*, 105 F.3d 857, 860 (2d Cir. 1997). Thus, the present case is distinguishable.

Collins also raises the Sixth Circuit's recent decision in *Ragland v. City of Saint Louis*, No. 12-1334, slip op. (6th Cir. Feb. 11, 2013). As in *Boddie*, the allegation in *Ragland* was that the defendant "touched" the plaintiff's genital area. *Id.* The Court recognizes that "minor, isolated incidents of touching, even if coupled with offensive sexual remarks, do not rise to the level of an Eighth Amendment violation." *Id.* (citing *Jackson*, 158 F. App'x at 661-62; *Boddie*, 105 F.3d at 859-61). However, while a brief touching of the penis or buttocks might properly be considered a "minor" incident within the Eighth Amendment context, the Court is not convinced that the grabbing of an inmate's penis is necessarily a similarly "minor" incident. Accordingly, the Court agrees with the Magistrate Judge that there is a genuine issue of material fact as to whether Defendant Collins violated Plaintiff's Eighth Amendment rights.

Collins' second objection is that the Magistrate Judge erred by concluding that he was not entitled to qualified immunity. Collins cites Sixth Circuit precedent for the proposition that "to find a clearly established constitutional right, a district court must find binding precedent by the Supreme Court, its court of appeals or itself." (Dkt. No. 61, at 4 (quoting *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)).) Collins also quotes *Saucier v. Katz*, 533 U.S. 194, 202 (2001),[1] for the proposition that the "individual claims of immunity must be analyzed on a fact-specific, case-by-case basis to determine whether the plaintiff's

---

[1] In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court receded from *Saucier*'s mandatory requirement that courts follow its two-step protocol sequentially. "However, because *Pearson* left in place *Katz*'s core analysis, all pre-*Pearson* case law remains good law." *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010) (citing *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009)).

3

constitutional rights were so clearly established when the alleged misconduct was committed that any official in the defendant's position would understand that what he did violated those rights." (Dkt. No. 61, at 4.) In light of this law and the cases finding that minor sexual touching cannot establish an Eighth Amendment claim, Collins concludes that it would not have been clear that his alleged actions would violate Plaintiff's rights.

This conclusion is unwarranted. There is clearly established law in this district that sexual harassment of an inmate can violate the Eighth Amendment when that harassment causes pain and the officer in question acts with a sufficiently culpable state of mind. On numerous occasions, this Court has approvingly quoted *Freitas*, 109 F.3d at 1338, for the proposition that "because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment.'" *See, e.g.*, *Jones v. Heyns*, No. 1:12–cv–1341, 2013 WL 353762, at *3 (W.D. Mich. Jan. 29, 2013) (Jonker, J.); *Rowe v. Bergh*, No. 2:08-cv-162, 2008 WL 4239018, at *4 (W.D. Mich. Sept. 9, 2008) (Bell, J.); *Spears v. Masters*, No. 2:07-cv-198, 2008 WL 111274, at *4 (W.D. Mich. Jan. 8, 2008) (Edgar, J.); *White v. Brown*, No. 1:07-cv-1154, 2007 WL 5253981, at *2 (W.D. Mich. Dec. 10, 2007) (Scoville, M.J.); *Burnett v. Mich. Dep't of Corrs.*, No. 2:06-cv-112, 2007 WL 2406955, at *4 (W.D. Mich. Aug. 20, 2007) (Bell, J.); *Dewhart v. Carlety*, No. 1:07-CV-298, 2007 WL 1876469, at *3 (W.D. Mich. June 28, 2007) (Quist, J.).

Moreover, while Collins is correct that there is clearly established law that a "minor" sexual touching is insufficient to make out an Eighth Amendment violation, there is a question of fact as to whether the alleged grabbing of Plaintiff's penis in this case was such a minor offensive touching. The Sixth Circuit has made clear that it is unnecessary for there to be clearly established precedent mirroring the facts in question:

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Thomas v. Cohen*, 304 F.3d 563, 569 (6th Cir. 2002) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Accordingly, the Court agrees with the Magistrate Judge that this is not a case where qualified immunity is appropriate.

An order approving the R&R consistent with this opinion will be entered.


Dated: July 17, 2013                        /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE